32934. TOUCHSTONE *v.* LOUIS FRIEDLANDER & SONS INC.

DECIDED MAY 2, 1950.

490

*John T. Ferguson, R. D. Smith,* for plaintiff in error.

*Steve F. Mitchell, Robert R. Forrester,* contra.

MacIntyre, P. J. 1. "The construction of a contract is a question of law for the court. Where any matter of fact is involved (as the proper reading of an obscurely written word), the jury should find the fact." Code, § 20-701. "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." § 20-702. "Parol evidence is inadmissible to add to, take from, or vary a written contract. All the attendant and surrounding circumstances may be proved, and if there is an ambiguity, latent or patent, it may be explained." § 20-704 (1). "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." § 20-704 (4). "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." § 38-501. Under the undisputed evidence, the plaintiff owned a building which fronted west 100 feet on Railroad Street. This building had formerly been used as a sales stable, but at the time the plaintiff and the defendant entered into the

contract whereby the plaintiff leased *the north half* of the building, there was a partition running from east to west which divided the building approximately in the center. In the center of this building were two offices fronting on Railroad Street, the street upon which the building fronted for 100 feet. One office was on the south side of the dividing partition and fronted 9 feet on Railroad Street and was 15 feet deep. One office was on the north side of the dividing partition and fronted 12 feet on Railroad Street and was 15 feet deep. Dr. J. Robinson occupied the office *on the north side* of the center partition, and he testified that he had paid the rental of $20 per month up until December 31, 1949 on the room or office to the defendant. Under the lease contract the plaintiff leased *"the north half* of the sales stable building . . the same *fronting* 50 *feet on Railroad Street."* The language of the contract is clear and unambiguous and the contract is complete on its face. The plaintiff leased without question the north half of a building fronting 100 feet on Railroad Street. Half of 100 feet is 50 feet and the contract specifies that the half leased to the plaintiff fronted 50 feet on Railroad Street. The office occupied by Dr. Robinson was included in the north half of this building and his office fronted 12 feet on Railroad Street. To say that a lease contract leasing half of a building, and that this half fronts 50 feet upon a named street, does not include an office located within the designated half of the building and which office consumes 12 of the 50 feet fronting on the named street is unmathematical to say the least. The testimony of the defendant seeking to vary the clear and unambiguous terms of this written contract, by showing that it was agreed prior to the writing that the office should not be included, was properly excluded. With this testimony excluded, the evidence demanded the verdict in favor of the plaintiff. The evidence showed that the plaintiff was entitled under the contract to the space occupied by Dr. Robinson and had collected the rents therefor. Under such circumstances, those rents belonged to the plaintiff in the absence of a valid agreement to the contrary and none was shown.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*